J-S23015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICOLE WIMBERLY, | : | |
| | : | |
| Appellant | : | No. 3711 EDA 2017 |

Appeal from the Judgment of Sentence Entered October 27, 2017
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0001931-2015

BEFORE:   SHOGAN, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 08, 2018**

Appellant, Nicole Wimberly, appeals from the judgment of sentence entered on October 27, 2017.[1]  After careful review, we remand for further proceedings.

The record reveals that on August 20, 2015, Appellant plead guilty to one count of access device fraud, graded as a felony of the third degree.[2]  The trial court sentenced Appellant to a term of one to three months of incarceration followed by six years of probation.  Sentencing Order, 8/20/15.

---

[1] In her notice of appeal, Appellant purports to appeal from the "order" entered on "November 1, 2017."  Notice of Appeal, 11/2/17.  It is evident, however, that Appellant is challenging the judgment of sentence imposed on October 27, 2017, following the revocation of her probation.  We have corrected the caption accordingly.

[2] 18 Pa.C.S. § 4106(a)(1)(ii).

---

*   Former Justice specially assigned to the Superior Court.

On June 30, 2016, Appellant was accused of violating her probation by failing to: maintain a verifiable address; remain drug free; report to her probation officer; and make payments on her court costs, fees, and restitution. Petition for Review of Probation, 6/30/16. On August 12, 2016, Appellant was found in violation of her probation, and the trial court resentenced her to a term of four to twelve months of incarceration followed by five years of probation. The trial court granted Appellant parole on December 7, 2016. However, on April 13, 2017, Appellant was accused of violating her probation and parole due to, *inter alia*, new criminal charges filed on April 10, 2017. On October 27, 2017, the trial court revoked Appellant's probation and parole and resentenced her on the probationary sentence to a term of two and one-half to five years of incarceration.

Despite being represented by Timothy Prendergast, Esquire, Appellant filed a *pro se* notice of appeal on November 2, 2017. Apparently unaware of the *pro se* appeal, on November 3, 2017, Attorney Prendergast filed a post-sentence motion for reconsideration of sentence claiming that Appellant's sentence was "unduly harsh" and "shocked the conscience." Post-sentence Motion, 11/3/17. Nevertheless, because an appeal was filed, the trial court did not rule on the counseled post-sentence motion and directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant failed to respond.

On March 6, 2018, Attorney Prendergast filed a brief in this Court on behalf of Appellant. In the brief, counsel avers that the sentence imposed by the trial court was not an abuse of discretion. Appellant's Brief at 11. Counsel then states: "Therefore, Appellant files this brief without argument as to the merits to an appeal in the above-captioned matter." *Id.*

We find that counsel's actions were improper. Counsel was required to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), or if counsel concluded that Appellant had no meritorious issues to support an appeal, he should have filed a statement indicating his intent to file an *Anders* brief[3] pursuant to Pa.R.A.P. 1925(c)(4).[4] Counsel pursued neither of these options and instead effectively abandoned Appellant on her appeal.

After review, we conclude that Attorney Prendergast's failure to respond to the trial court's Pa.R.A.P. 1925(b) order is *per se* ineffective assistance of counsel. Pa.R.A.P. 1925(c)(3). Pursuant to Rule 1925(c)(3), in such

---

[3] *See Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009) (enumerating the procedure through which counsel may withdraw from representation on direct appeal where there are no meritorious issues and an appeal would be frivolous).

[4] If counsel believed that he was prohibited from pursuing a challenge to the discretionary aspects of Appellant's sentence because Appellant's *pro se* notice of appeal prevented the trial court from considering the counseled post-sentence motion, counsel could have discontinued the appeal and proceeded under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. This course of action would have allowed Appellant to pursue the reinstatement of her right to file a post-sentence motion *nunc pro tunc*.

instances, this Court must remand for the filing of a statement *nunc pro tunc* and for the preparation and filing of an opinion by the trial court. Accordingly, we are constrained to remand this matter to the trial court. On remand, counsel shall, within twenty-one days of the filing of this Memorandum, file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) or a statement of intent to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4). After Appellant complies with Pa.R.A.P. 1925, the trial court shall do likewise within thirty days.

Case remanded for further proceedings consistent with this Memorandum. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/18